**LAMARR v. TOOLEY-MYRON STUDIOS, et al.**

Industrial Commission.

May 14, 1956.

Louis Vernell, Miami Beach, for claimant.

Blackwell, Walker & Gray, Miami, for employer and insurance carrier.

Chairman JAMES T. VOCELLE and Commissioner WALTER L. LIGHTSEY participated in the disposition of this application for review.

BY THE COMMISSION.

This cause came on to be heard on the claimant's application for review of a deputy commissioner's order dated February 29, 1956, and upon a motion by the claimant to quash service of the order and to reinstate the cause before the deputy.

This is the second appearance of this cause before the full commission. On August 15, 1955 we remanded it to the deputy for rehearing and entry of a new order, as a result of which there was entered the order now sought to be reviewed. This order was mailed

by *certified mail* to the parties on February 29, 1956, and the claimant's application for review was filed with the commission at Tallahassee on March 21, 1956.

Section 440.25 (4) (a), Florida Statutes 1955, provides that—"The compensation order rendered by the deputy commissioner shall become final twenty days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission at Tallahassee an application for review thereof by the full commission."

The application for review which was filed with the commission at Tallahassee on March 21, 1956 was not filed within 20 days subsequent to the date copies of the deputy's order were mailed to the parties and, therefore, his order had become final and was not subject to review at the time the application was filed.

Claimant contends, however, that the deputy's order did not become final 20 days after mailing for the reason that the deputy did not comply with section 440.25 (3) (c) in that it was not mailed to the parties by *registered* mail. Section 440.25 (3) (c) states as follows—"The order rejecting the claim or making an award (referred to in this chapter as a compensation order) shall set forth a statement of the findings of fact and other matters pertinent to the questions at issue and shall be filed in the office of the commission at Tallahassee. A copy of such compensation order shall be sent by registered mail to the claimant and to the employer at the last known address of each, with the date of mailing noted thereon."

The claimant urges that the statute is specific in its requirement that the order shall be sent by *registered mail* to the claimant, and, therefore, it cannot become final for purpose of review thereof until 20 days after the date copy of same is mailed to him by registered mail—which he contends has not been done.

Effective June 7, 1955, by postal regulation, the minimum registration fee of 30c for registered mail having no intrinsic value and for which no indemnity is payable was discontinued by the postal authorities. In the place thereof, two types of receipted mail were provided: one, "registered," for articles with or without intrinsic value, which provides insurance coverage; the other, known as "certified," for articles having *no* intrinsic value. In this connection it is interesting to note the similarity in the dictionary definitions of the words *register, registered, certify,* and *certified.*

In effect, this change, as promulgated by postal authorities, sets up two different classes of "registered" mail. One class is available for the protection of articles with intrinsic value for which insurance coverage is desired; the other class for the protection of articles with no intrinsic value which the sender wishes to mail without insurance coverage but with attested handling, including record of delivery. In creating "certified" mail as a classification to take the place of one form of "registered mail" the Post Office could just as easily have called it "registered mail, class x," because the practical effect of the new regulation is the same as that of the old, whereby articles with no intrinsic value were handled in a manner to secure protection not given ordinary mail.

We wish to point out that the section of the Act under discussion has nothing to do with the method of obtaining jurisdiction of the parties. 41 Am. Jur., section 43, at page 739, under title "Post Office" discusses, generally, registration of mail. In essence, the tenor of the discussion is to the effect that there are two types of articles which persons wish to register: one type having intrinsic value; the other type having no intrinsic value but for which the sender wishes a receipt showing same to have been delivered to the addressee. Post Office department form no. 3550, dated June, 1955, specifies why mail is registered, viz.—"You may obtain added protection for your *valuable* and *important* mail and *evidence that it has been delivered* by having it registered." (Emphasis supplied.) For certified mail it is stated, viz.—"Certified mail service provides for a receipt to the sender and *a record* of delivery at the office of address." (Emphasis supplied.) A copy of the deputy commissioner's order determining the merits of the cause, which is required to be mailed to the parties, has no intrinsic value. The conclusion is inescapable that the legislature intended that the parties be notified in some reliable manner of the entry of the deputy's order. The manner which was specified, i.e., "by registered mail," has now, in effect, become certified mail by a change in terminology in the postal regulations. There is nothing of *value* in the actual copy of the order itself. The "value" is in the notification of the interested parties to the cause. If we were to carry the claimant's contention in the instant cause to its logical conclusion, the postal authorities could at any time, by abolishing all forms of registered mail or changing the names used therefor make it impossible for the orders of the deputy commissioners to become final—at least until the legislature could again conform the terminology of the Act to that of the postal regulations.

There is not the slightest suggestion on the part of the claimant that his rights or interests were adversely affected by the use of "certified" mail, nor does he indicate that the order was not received. Actually, the file shows that the claimant *received* the mailed copy of the said order on March 1, 1956, and *signed a receipt* therefor.

We are of the opinion that the interpretation the claimant requests us to give to the law is too technical and does not meet the spirit of the Act, nor the intent of the legislature. Because it was not filed within the time provided by statute, the application for review filed March 21, 1956 is dismissed.